ROLAND S. BARTLETT vs. ORRICK H. GREENLEAF & another.

Under a lease of a mill and water power at a rent payable half-yearly in advance, to be suspended if at any time, from flood or fire or neglect of the lessors, the lessees shall be deprived of the use of the water power for more than ten days; and by which the lessors covenant that the lessees, " performing the covenants herein contained on their part to be performed, shall peaceably hold and enjoy the aforesaid demised premises without hindrance or interruption;" a failure to pay the rent reserved when due does not determine the lease; and after a subsequent acceptance of rent the lessees, if deprived of the water by the lessors, may recover damages for the loss thereby sustained in their business; and, to show what this was, may give in evidence letters to them, containing orders for goods to be manufactured there. And want of repair in the dam and canal will not justify the lessors in diverting the water against the wishes of the lessees.

ACTION OF TORT for diverting the water from the plaintiff's mill and canal in Huntington. Trial in the court of common pleas in Hampshire, before *Briggs*, J., who allowed a bill of exceptions, which set forth this case :

On the 1st of November 1851 Daniel Munson and others leased for years to the plaintiff and Daniel Copeland, (now deceased,) the upper stories of their saw-mill in Huntington, and the right to use two circular saws and the gearing connected with them, and the water in the canal, for manufacturing baskets and other articles specified, from the 1st of January 1852, at an annual rent of one hundred and fifty dollars, payable half-yearly in advance on the first days of January and July. The lease contained the following provisions : " If at any time, from flood or fire, or from neglect of the lessors, the lessees shall be deprived of the use and power of said water-wheel as covenanted above for a term of time exceeding ten days at any one time, then said rent shall cease or suspend until said privileges are restored." " And the said lessors covenant and agree with the said lessees, their representatives and assigns, that they, performing the covenants herein contained on their part to be performed, shall peaceably hold and enjoy the aforesaid demised premises without hindrance or interruption by any of the lessors or by any other person or persons whatsoever."

On the 13th of July 1853, and during the term of the lease,

the lessors conveyed the leased premises to the defendants. At that time the plaintiff had not paid the rent due on the 1st of July, but he afterwards paid the lessors the rent up to July 13th, and was directed by them to pay the residue to the defendants.

The plaintiff introduced evidence tending to show that the water power specified in the lease was essential to the prosecution of his business; that the defendants diverted the water from the canal on the 7th of October 1853, and from that time until the 1st of January 1854, when the defendants refused to allow the plaintiff to use any water, alleging that it was needed for a paper-mill which they were building; and the plaintiff consequently left the premises and removed his machinery.

The plaintiff testified that he was engaged in the business of making baskets on the leased premises, and received numerous orders from his customers, which he was unable to execute in consequence of the disturbance of his business by the diversion of the water. It appearing that the orders were contained in letters, the defendants objected to this testimony concerning them; and the plaintiff was allowed, against the defendants' objection, to introduce in evidence the letters, to show that he had received such orders.

The plaintiff also testified, against the defendants' objection, to the number of baskets made by him at the time of the diversion, their cost and market price; and that he employed a number of persons skilled in basket-making, whom, after being deprived of the use of the water, he was obliged to employ in building a new mill, in doing which their labor was worth much less to him than when making baskets.

The defendants contended that as the plaintiff had not paid or tendered the rent due on the 1st of July 1853, he had no right to remain under the lease. But the court ruled that the lease was in force notwithstanding the plaintiff's neglect to pay rent, and that his rights under it were not thereby forfeited.

The defendants offered evidence tending to show that the canal was so small and shallow that it did not supply sufficient water for the plaintiff's work in cold weather, when it was frozen, or in dry weather in summer, and that Copeland had

informed the lessors the preceding winter that it must be en-larged to enable the plaintiff and himself to carry on their business; that the canal gave way and let out the water before they diverted it; and that the dam was in a ruinous condition, and could not safely be left through the winter without repairs.

The plaintiff testified that the repairs were not made in consequence of any request or desire of his; and that, with the exception of a few days in summer when the water was low, and a few days in winter when there was ice in the canal, he had always had sufficient water.

The defendants contended that the plaintiff could not recover damages for the diversion of the water to repair the dam and enlarge the canal. But the judge ruled that as they did not make the repairs for the benefit of the plaintiff, but entirely with the view of supplying their paper-mill, the state of the dam and canal was no excuse for them; and that the plaintiff was entitled to damages for the value of his lease, (if it was of any value,) and for the loss he sustained in his business in consequence of the diversion of the water by the defendants. The jury returned a verdict for the plaintiff, and the defendants alleged exceptions.

*R. A. Chapman,* for the defendants. 1. The covenant for quiet enjoyment was expressly made dependent upon the lessees "performing the covenants herein contained on their part to be performed." *Howland* v. *Leach,* 11 Pick. 151. *Cleaves* v. *Lord,* 3 Gray, 69.

2. It being the right, and, upon the construction of the presiding judge, the duty of the defendants to make the repairs, the motive with which they made them was immaterial. *Mahan* v. *Brown,* 13 Wend. 261. *Stone* v. *Crocker,* 24 Pick. 83. *Pratt* v. *Gardner,* 2 Cush. 63.

3. The lease provided a rule of damages for withholding water; namely, stopping the rent. If the plaintiff could recover more than this, he would still be limited to the value of the lease. *Trull* v. *Granger,* 4 Selden, 115. *White* v. *Whitney,* 3 Met. 89. *Dexter* v. *Manley,* 4 Cush. 21, 27. The ruling of the judge as to damages was erroneous, because it allowed the

plaintiff compensation for a supposed loss of profits on his ex-
tended business. *Ashley* v. *Harrison*, 1 Esp. R. 48. *Bingham* v.
*Cabbot*, 3 Dall. 33. *Barnard* v. *Poor*, 21 Pick. 378. *Thompson*
v. *Shattuck*, 2 Met. 615. *Batchelder* v. *Sturgis*, 3 Cush. 205.
*Fox* v. *Harding*, 7 Cush. 522. *Waite* v. *Gilbert*, 10 Cush. 177.
*Hovey* v. *Newton*, 11 Pick. 421. 2 Greenl. Ev. § 256. The let-
ters and other evidence respecting the plaintiff's business should
not therefore have been admitted.

*H. Vose*, for the plaintiff. 1. The estate of the lessee did not
by the terms of the lease depend upon the punctual payment
of rent; and the course of dealing between the parties shows
that they did not understand that non-payment of rent worked
a forfeiture, or that, if it did, they intended to waive it.

2. The defendants cannot justify their acts injurious to the
plaintiff on the ground, either that they were done at his request,
or for his benefit; for they were not bound to make such repairs;
and the bill of exceptions shows that they made them mainly
and primarily for their own benefit.

3. The plaintiff was entitled to recover damages for interrup-
tion and loss of business caused by the defendants in depriving
him of the water; and to introduce evidence of the nature and
extent of his business. *White* v. *Moseley*, 8 Pick. 356. *Dexter*
v. *Manley*, 4 Cush. 14. *Lincoln* v. *Saratoga & Schenectady Rail-
road*, 23 Wend. 425. *Spigelmoyer* v. *Walter*, 3 W. & S. 540.
*Hart* v. *Evans*, 8 Barr, 13. *McAfee* v. *Crofford*, 13 How. 447.

By THE COURT. The right of the plaintiff to possession of
the leased premises was not forfeited or lost by his omission to
pay the half-yearly rent in advance on the 1st of July 1853.
Whatever were the rights of the lessors, if any other than the
collection of rent, resulting from this omission, they were waived
by acceptance of that portion of the rent which was paid then
to the 13th of the same month, when they directed that the res-
idue of what was then or to become due should be paid to the
defendants, to whom they had sold the whole estate. No right
of reëntry for non-payment of rent is reserved in the lease; and
the defendants never entered or attempted to enter upon, or took
any step to obtain possession of the premises for that cause,

The title of the plaintiff to the premises therefore remained in force when the diversion of water of which he complains was caused by the acts of the defendants; and for the loss resulting from it he is consequently entitled to recover compensation.

The rule to be observed in the assessment of damages was stated in the directions of the court with substantial accuracy. The interruption in the use of the water being unlawful, the plaintiff should receive a just compensation, commensurate with the injury it occasioned. To show what this was, it was necessary to prove the use to which the premises were applied, and the nature and extent of the business which was carried on there. For this purpose, the orders which he had received, contained in the letters which were produced in evidence, were admissible to show that he had occasion for continuing the prosecution of his business, and would have been likely to pursue it if it had not been interrupted by the unlawful interference with his rights by the defendants.                   *Exceptions overruled.*